**NORTH ALABAMA ASSETS CO., Limited, v. ORMAN.**

(Circuit Court of Appeals, Fifth Circuit. December 1, 1926.)

No. 4707.

1. **Judicial sales ⬦58—Generally judicial sale relates back to striking off, so conveyances by successful bidder intermediate it and confirmation are effective.**

Generally judicial sale relates back to time property was struck off, so that conveyances by successful bidder, after that and before confirmation, take effect on confirmation and delivery of deed.

2. **Mortgages ⬦151(5)—Provision of decree confirming second sale in partition, for levy to enforce judgment for deficiency, held not to give lien superior to purchaser's prior mortgages.**

Provision of decree confirming second sale in partition, and awarding money judgment against purchaser, that levy to enforce judgment be made on the property simultaneously with delivery of deed, held not to create a lien on the land superior to that of mortgages thereon given by purchaser after second sale and before confirmation thereof.

3. **Lis pendens ⬦25(4)—Doctrine of lis pendens held not to make ineffective against deficiency judgment mortgages given by purchaser at second sale in partition.**

No rights adjudicated in partition suit being in any way affected by mortgages given by purchaser at second sale, one of the two owners of the property, after such sale, but before confirmation thereof, doctrine of lis pendens can have no application to render ineffective the mortgages, as against the judgment for deficiency in the decree of confirmation.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Mortgage foreclosure suit by J. E. Orman against the North Alabama Assets Company, Limited. Decree for plaintiff, and defendant appeals. Affirmed.

Theodore J. Lamar, of Birmingham, Ala. (W. A. Weaver and H. K. Long, both of Birmingham, Ala., on the brief), for appellant.

J. Foy Guin and Travis Williams, both of Russellville, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it is unnecessary to refer to the pleadings. The material facts, which are undisputed, are these:

On January 20, 1924, a decree was entered by the District Court in a proceeding between the North Alabama Assets Company, Limited, appellant herein, and one W. A. Orman, who were joint owners of certain lands in Franklin county, Ala., decreeing a partition of said lands and ordering their sale by a master. On March 2, 1914, the sale was held, and said W. A. Orman became the purchaser for $9,000. He failed to comply with his bid, the sale was set aside, and the lands were ordered resold for his account.

On June 22, 1914, a resale of the land was had, and W. A. Orman again became the purchaser for $2,700, and this time complied with his bid. In order to pay the purchase money, W. A. Orman borrowed the amount from one C. E. Wilson on a note on which J. E. Orman, appellee, and O. J. Nance were sureties. On June 26, 1914, after the second sale, W. A. Orman executed a mortgage to J. E. Orman for $2,700 to secure him against loss on the note to Wilson, which mortgage was duly filed for record on July 14, 1914. When Wilson's note became due, it was paid, with accumulated interest, by J. E. Orman.

On September 23, 1914, W. A. Orman and his wife executed a mortgage to O. J. Nance

on the said land to secure an indebtedness of $2,377, and this mortgage was duly recorded on October 16, 1914. Later this mortgage was transferred to J. E. Orman for value. On October 22, 1914, after the execution and recordation of the above referred to mortgages, the second sale was confirmed. In the same decree a money judgment for $3,260, one-half of the deficiency occasioned on the first sale, and another amount of $553.67, arising from an accounting for royalties received from the land by him, was given against W. A. Orman in favor of appellant.

The decree also awarded judgments against W. A. Orman in favor of others, but they are not involved in this case. The decree directed the master to execute a deed to W. A. Orman, conveying all of the interest both of himself and the North Alabama Assets Company, Limited. The decree further ordered that execution issue in favor of the North Alabama Assets Company and the other judgment creditors, to be levied simultaneously with the delivery of the said deed, the levy to be held in statu quo for a period of 30 days, which time was granted W. A. Orman for paying and satisfying the executions, failing which, the decree directed that said lands were to be again advertised and sold.

On May 12, 1915, as W. A. Orman had not satisfied the judgment, the deed was delivered to him, and simultaneously a levy was made by the United States marshal as directed by the decree. On June 28, 1915, the third sale of the land was made, this time by the marshal, and appellant became the purchaser for $225, subsequently receiving a deed.

On June 25, 1917, after the third sale, J. E. Orman, appellee herein, brought suit in a state court to foreclose the mortgages above set out, and in the alternative prayed for leave to redeem. The suit was removed to the District Court, and after a long delay, on July 18, 1925, a decree was entered upholding the validity of the said mortgages as prior liens on the land in question when same was purchased at the marshal's sale by appellant, and ordering a foreclosure of said mortgages. It is to reverse this last decree that this appeal is prosecuted.

Various errors are assigned which it is unnecessary to particularize as the whole case is before us.

[1-3] It is the general rule, as found by the District Court, that the confirmation of a judicial sale relates back to the time the property was struck off, and conveyances made by the successful bidder, after that and before confirmation, take effect on confirmation and delivery of the deed. This is not seriously disputed, but appellant pitches his case on the doctrine of lis pendens, citing Tilton v. Cofield, 93 U. S. 163, 23 L. Ed. 858; Camden v. Mayhew, 129 U. S. 73, 9 S. Ct. 246, 32 L. Ed. 608, and other cases of similar import. In the latter case the court in substance said that a bidder, sought to be made liable for a deficiency resulting from a resale caused by his refusal to make his bid good, may be proceeded against in the same suit by rule, or in any other mode devised by the court that will enable him to meet the issue as to his liability. Apparently it is the theory of appellant that, because W. A. Orman, who was a party to the suit for partition, was the defaulting bidder at the sale and the purchaser at the resale, the decree confirming the second sale and awarding a money judgment against him for the deficiency due appellee, with the provision that a levy to enforce the judgment be made simultaneously with the delivery of the deed, created a lien on the land itself superior to any conveyance made by Orman after his successful and completed second bid.

There could be no doubt that, if a stranger to the litigation had been the successful bidder at the first sale and had refused to pay the price, and thereafter another stranger became the successful bidder at the resale, no lien for the deficiency of the first sale could be impressed on the property. It is doubtful that the court would have jurisdiction and authority to impress such a lien upon the property, even in view of the peculiar circumstances disclosed in this case; but, if it be conceded for the sake of argument that the court did have that right, the complete answer is that the court did not attempt to exercise it, and such right as appellant had to a lien on the property resulted entirely from the execution levied by the marshal, and was therefore subordinated to the liens created by the mortgages held by appellee.

No doubt, if a suit is pending to determine the title to property, and one of the parties attempts to sell or incumber it, under the doctrine of lis pendens, the conveyance amounts to nothing, if judgment goes against the party making it. But in this case no rights adjudicated in the partition suit were in any way affected by the mortgages here in question. There is no room for the application of the doctrine of lis pendens.

We agree with the holding of the District Court.

Affirmed.